UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES N. DIFABIO,<br><br>         Plaintiff,<br><br>     v.<br><br>YAMAHA MOTOR CORP. et al.,<br><br>         Defendants. | HONORABLE JOSEPH E. IRENAS<br>CIVIL ACTION NO. 08-4924<br>(JEI)<br><br>**MEMORANDUM ORDER DENYING DEFENDANT PACER STACKTRAIN'S MOTIONS FOR SPECIAL APPOINTMENT TO SERVE PROCESS**<br>**(Docket Nos. 15 & 16)** |

**APPEARANCES:**

WALLACE & LEGOME
By:  Harris C. Legome, Esq.
36 Tanner Street, Suite 300
Haddonfield, NJ 08033
   Counsel for Plaintiff

RAWLE & HENDERSON LLP
By:  Louis Dobi Jr., Esq.
40 Lake Center Executive Park, Suite 200
401 Route 73 North
Marlton, NJ 08053
   Counsel for Defendant Yamaha Motor Corporation

KIERNAN & STRENK
By:  Patrick Brian Kiernan, Esq.
     Joseph R. Fischer, Esq.
13 Pine Street
Morristown, NJ 07960
   Counsel for Defendant Pacer Stacktrain

**IRENAS**, Senior District Judge:

    This matter having appeared before the Court on the Motions for Special Appointment to Serve Process by Defendant Pacer Stacktrain (Docket Nos. 15 & 16), and it appearing that:

1.  Plaintiff initiated this action by filing a Complaint and Jury Demand in the Superior Court of New Jersey.

2. Plaintiff's Complaint named Yamaha Motor Corporation and Pacer Stacktrain as Defendants, and also alleged misconduct by a series of unnamed Defendants identified as John Does 1-5, Jane Does 1-5, ABC Partnerships 1-5, ABC Companies 1-5, and ABC Corporations 1-5.

3. Defendants filed a Notice of Removal to this Court on October 3, 2008.

4. Defendant Pacer Stacktrain filed the present Motions for Special Appointment to Serve Process ("Motions") on December 2, 2008, seeking Court Orders specifically appointing a private process server to serve subpoenas upon two entities, Standard Warehouse & Distribution Co., Inc. and F & W Transport Co., Inc.

5. Neither Standard Warehouse & Distribution Co., Inc. nor F & W Transport Co., Inc. are currently named parties in this matter.

6. As legal authority for the Motions, Plaintiff cites Federal Rule of Civil Procedure 4(c) and Local Civil Rule 4.1.

7. The service of subpoenas is governed by Federal Rule of Civil Procedure 45; paragraph (b)(1) of that rule permits service by "[a]ny person who is at least 18 years old and not a party" and does not require a Court Order appointing a process server.

8. Federal Rule of Civil Procedure 4 governs the service of summonses and complaints; paragraph (c)(2) of that rule permits service of a summons and complaint by "[a]ny person who is at least 18 years old and not a party" and does not require a Court

Order appointing a process server.

9.  Paragraph (1) of the official comment to Local Civil Rule 4.1 explains that "the issuance of an order for special service of process is not a mandatory prerequisite to using a private process server."

10.  Federal Rules of Civil Procedure 4 and 45 permit Defendant Pacer Stacktrain to effect service via a private process server without a Court Order.

Therefore, **IT IS** on this ___8___th day of December, 2008,

    **ORDERED THAT:**

Defendant Pacer Stacktrain's Motions for Special Appointment to Serve Process are hereby **DENIED**.  Defendant Pacer Stacktrain may effect service without a Court Order as permitted by the Federal Rules of Civil Procedure.

                                      ___s/ Joseph E. Irenas___
                                      **JOSEPH E. IRENAS, S.U.S.D.J.**